FORM 11. Informal Opening Brief (MSPB or Arbitrator Cases)                    Form 11 (p. 1)
                                                                              July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## INFORMAL BRIEF OF PETITIONER/APPELLANT

**Case Number:** SF-0752-15-0230-X-1

**Short Case Caption:** McCardle v. EEOC

**Name of Petitioner:** Yolanda Acuna

*RECEIVED 2024 JUL 15 AM 9:12 US COURT OF APPEALS FEDERAL CIRCUIT*

**Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 30 pages.

Attach a copy of the initial and final decision/order of the Merit Systems Protection Board or arbitrator. You may also attach other record material as an appendix. Any attached material should be referenced in answer to the below questions. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

1. Have you ever had another case before this court?  ☐ Yes  ☑ No

    In a United States district court?  ☐ Yes  ☑ No

    Before the Equal Employment Opportunity Commission?  ☐ Yes  ☑ No

    If yes, identify the title and number of each case.

    [blank box]

FORM 11.  Informal Opening Brief (MSPB or Arbitrator Cases)                Form 11 (p. 2)
                                                                           July 2020

2. Did the MSPB or arbitrator incorrectly decide or fail to take into account any facts?   ☐ Yes   ☑ No
   If yes, what facts?

3. Did the MSPB or arbitrator apply the wrong law?   ☑ Yes   ☐ No
   If yes, what law should be applied?

   The MSPB erroneously applied 5 U.S.C. 5582 which is how money is paid out following an employee's death. It is a settlement of accounts. The back pay owed here is not a part of his settlement of accounts for his work, but back pay owed as a result of the Board's reversal of an illegal suspension. The amount owed is pursuant to 5 U.S.C. 8596 and part of the estate. See supplement attached.

4. Did the MSPB or arbitrator fail to consider important grounds for relief?
   ☐ Yes   ☑ No
   If yes, what grounds?

FORM 11. Informal Opening Brief (MSPB or Arbitrator Cases)      Form 11 (p. 3) July 2020

5. Are there other reasons why the MSPB's or arbitrator's decision was wrong?

☐ Yes    ☑ No

If yes, what reasons?

6. What action do you want this court to take in this case?

Reverse the decision of the U.S. Merit Systems Protection Board and find the Agency is in noncompliance because the EEOC paid the incorrect party Mr. McCardle's back pay.

Date: June 28, 2024

Signature: *(signed)*

Name: Yolanda Acuna

## SUPPLEMENT TO INFORMAL BRIEF QUESTION 3

At the time a federal employee dies while employed, there are certain monies due him. 5 U.S.C. § 5582 (b); 5 C.F.R. § 178.204. 5 U.S.C. § 5581 defines the "money due" as follows:

> **(2)** "money due" means the pay and allowances due on account of the services of a deceased employee for the Government of the United States or the government of the District of Columbia. It includes, but is not limited to—
>
> **(A)** per diem instead of subsistence, mileage, and amounts due in reimbursement of travel expenses, including incidental and miscellaneous expenses in connection therewith for which reimbursement is due;
> **(B)** allowances on change of official station;
> **(C)** quarters and cost-of-living allowances and overtime or premium pay;
> **(D)** amounts due for payment of cash awards for employees' suggestions;
> **(E)** amounts due as refund of pay deductions for United States savings bonds;
> **(F)** payment for accumulated and current accrued annual or vacation leave equal to the pay the deceased employee would have received had he lived and remained in the service until the end of the period of annual or vacation leave;
> **(G)** amounts of checks drawn for pay and allowances which were not delivered by the Government to the employee during his lifetime;
> **(H)** amounts of unnegotiated checks returned to the Government because of the death of the employee; and
> **(I)** retroactive pay under section 5344(a) (2)[1] of this title.

It does not include benefits, refunds, or interest payable under subchapter III of chapter 83 of this title applicable to the service of the deceased employee, or amounts the disposition of which is otherwise expressly prescribed by Federal statute.

---

[1] Section 5844(a)(2) describes retroactive pay as relating to increases in rates of basic pay. This has nothing to do with the back pay owed here.

The money owed to Mr. McCardle was not owed under any of the examples provided for by Section 5581. The money owed to him was for back pay from an illegal suspension taken back on December 8, 2014. The money became due to him on January 6, 2023, as a result of a decision of the U.S. Merit Systems Protection Board. The money owed to him had nothing to do with money owed to him at the time of his death on August 4, 2019. The language of the statute is clear and it states, "money due an employee at the time of his death." 5 U.S.C. 5582 (b). There was no money of the nature described in Section 5581 and all monies due him had been paid out years earlier when was terminated from his employment. Therefore, there was no money due at the time of his death. The money at issue here became due when the Board ruled in his favor more than three (3) years after his death.

The money owed to Mr. McCardle, which is the subject of this case, had nothing to do with his death while employed as a federal employee. Instead, it represented back pay due him as a result of an illegal suspension taken back on December 8, 2014. The back pay should have been treated as an asset of his estate and paid to the sole beneficiary of his estate: Yolanda Acuna. The U.S. Merit Systems Protection Board erroneously relied upon 5 U.S.C. § 5582 (b) that provided for "money due an employee at the time of death" to pay Ms. Gaya.

USPS POSTAGE $002.35
JUN 12 2024
MAILED FROM ZIP CODE 23455

...anda Acuna
...Hildreth Avenue
... Gate, CA 90280

Clerk of Court
U.S. Court of Appeals for the
Federal Circuit
717 Madison Place, NW
Washington, DC 20439