**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

| | |
|---|---|
| YOLANDA ACUNA,<br><br>Petitioner,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Respondent. | No. 2024-2114 |

INFORMAL BRIEF AND SUPPLEMENTAL APPENDIX OF RESPONDENT

Pursuant to Federal Circuit Rule 28(g), respondent, the Equal Employment Opportunity Commission, respectfully submits this informal brief in response to the informal brief filed by petitioner Yolanda Acuna.

## STATEMENT OF JURISDICTION

An administrative judge with the Western Regional Office of the Merit Systems Protection Board (MSPB or board) issued an initial decision on May 24, 2023, in case number SF-0752-15-0230-X-1, granting the petitioner's petition for enforcement. SAppx14-15. On May 13, 2024, the board issued a final decision finding the agency in compliance and dismissing the petition for enforcement. SAppx1-13 (Final Order). Ms. Acuna filed a timely notice of appeal of the board's final decision. This Court has jurisdiction pursuant to 38 U.S.C. § 1295(a)(9).

## INTRODUCTION

Ms. Acuna filed this appeal as the sole beneficiary of the estate of her deceased husband, Trevor McCardle. *See* ECF No. 11 (order amending caption). Mr. McCardle was a paralegal with the Office of General Counsel at the Equal Employment Opportunity Commission (EEOC or agency). Mr. McCardle successfully challenged an indefinite suspension at the MSPB, which ordered back pay, but he passed away before the agency issued the payment. Ms. Acuna and Mr. McCardle's former wife, Monica Gaya, both submitted claims for the back pay. The agency paid the back pay to Ms. Gaya because Mr. McCardle designated her as the beneficiary on a Standard Form (SF) 1152 (Designation of Beneficiary). Although Ms. Acuna contends that she is entitled to the back pay as the beneficiary of Mr. McCardle's estate, Federal statutes and regulations govern the disposition of unpaid compensation payable under Federal law. Under the controlling statute, 5 U.S.C. 5582(b), a beneficiary designated in writing is first in the order of precedence to receive money due a deceased Federal employee. The agency thus properly paid Ms. Gaya as the designated beneficiary, and the board did not err in dismissing Ms. Acuna's petition for enforcement.

## STATEMENT OF THE CASE

I. <u>Statement Of Facts And Course Of Proceedings At The MSPB</u>

Mr. McCardle was employed as a paralegal specialist at Office of General Counsel at the EEOC. SAppx15; SAppx56. In 2010, Mr. McCardle designated his

then-wife, Monica McCardle (now Monica Gaya), as his beneficiary on his form SF 1152, Designation of Beneficiary (Unpaid Compensation of Deceased Civilian Employee). SAppx58. The SF 1152 states Mr. McCardle is designating "the beneficiary or beneficiaries named below to receive any unpaid compensation due and payable after my death." *Id.*

For reasons not relevant to this appeal, the agency indefinitely suspended Mr. McCardle in December 2014. SAppx56-57. Mr. McCardle appealed his indefinite suspension to the board. SAppx42. On December 8, 2015, an MSPB administrative judge cancelled Mr. McCardle's suspension, ordered that he be retroactively restored to his position, and ordered the agency to pay the appropriate amount of back pay.[1] SAppx15. The agency filed a petition for review of the initial decision. SAppx45.

Mr. McCardle passed away on August 4, 2019, while the petition for review was pending. SAppx2-3.

On January 6, 2023, the MSPB affirmed the administrative judge's initial decision, which rescinded the indefinite suspension and ordered the agency to pay the appropriate amount of back pay. SAppx15. The MSPB also added Yolanda Acuna, Mr. McCardle's sole beneficiary, as an appellant. SAppx20.

[1] Back pay is due an employee of an agency "who, on the basis of a timely appeal or an administrative determination . . . is found by appropriate authority . . . to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee . . . ." 5 U.S.C. § 5596(b)(1).

Ms. Acuna and Ms. Gaya both submitted claims for the back pay. SAppx49-52. After the agency did not quickly pay the back pay to either claimant, Ms. Acuna filed a petition for enforcement asserting that the agency had failed to pay her the back pay and interest. SAppx21; SAppx.46-47. On May 24, 2023, the administrative judge granted Ms. Acuna's petition for enforcement and ordered the agency to provide evidence that it had paid the appellant back pay and interest within 35 days. SAppx24.

The agency paid the back pay to Ms. Gaya. SAppx53-55. On June 6, 2023, the agency submitted a "Response Demonstrating Compliance With Board's May 24, 2023 Order." SAppx4; SAppx48. The MSPB issued an acknowledgment and provided Ms. Acuna an opportunity to respond to the agency's submission. SAppx4. Ms. Acuna argued that Mr. McCardle's SF-1152 beneficiary is not entitled to payment because back pay is not governed by 5 U.S.C. § 5582 (designation of beneficiary) but instead by 5 U.S.C. § 5596 (back pay due to unjustified personnel action). *Id.* The agency replied that it had correctly paid the beneficiary listed in Mr. McCardle's SF-1152, which the agency asserted was in full force and effect because it had not been revoked. *Id.*

The board found that the agency properly paid Ms. Gaya because Mr. McCardle designated her as the beneficiary in the SF 1152, and because section 5582 establishes that the first in the order of precedence for unpaid compensation owed a deceased employee is "the beneficiary or beneficiaries designated by the employee in a

writing received in the employing agency before his death." SAppx5. The Board rejected Ms. Acuna's argument that back pay was not governed by section 5582 because "back pay is 'unpaid compensation,' and thus falls within the definition of 'money due' to the appellant at the time of his death . . . ." SAppx6. The board dismissed Ms. Acuna's petition for enforcement. This timely appeal followed.

## ARGUMENT

### I. Standard Of Review

The scope of this Court's review of MSPB decisions is narrowly defined and limited by statute. The board's decision must be affirmed unless it is found to be:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
> (3) unsupported by substantial evidence.

5 U.S.C. § 7703(c); *Sandel v. Office of Personnel Management*, 28 F.3d 1184, 1186 (Fed. Cir. 1994).

"Statutory interpretation is an issue of law that [this Court] review[s] de novo." *Bank of Am. Corp. v. United States*, 964 F.3d 1099, 1103 (Fed. Cir. 2020) (citation omitted). The Court reviews "the Board's determinations of law for correctness without deference to the Board's decision." *Harrington v. Dep't of Veterans Affs.*, 981 F.3d 1356, 1358 (Fed. Cir. 2020) (citation omitted).

Further, if the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," the decision must be affirmed.

*Brewer v. United States Postal Service*, 647 F.2d 1093, 1096 (Ct. Cl. 1981), *cert. denied*, 454 U.S. 1144 (1982) (quoting *Consolidated Edison Co. v. National Labor Relations Board*, 305 U.S. 197, 229 (1938)). "The standard is not what the court would decide in a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." *Parker v. United States Postal Service*, 819 F.2d 1113, 1115 (Fed. Cir. 1987). "Substantial evidence is more than a mere scintilla of evidence, but less than the weight of the evidence." *Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016) (internal quotation marks and citations omitted).

## II. Responses to Informal Brief Form Questions

### 1. Has the petitioner ever had another case in this Court? In a United States District Court? In the Equal Employment Opportunity Commission? If so, identify each case.

We are unaware of any cases that Ms. Acuna has filed in this Court, a United States district court, or the Equal Employment Opportunity Commission.

### 2. Did the MSPB incorrectly decide or fail to take into account any facts? If so, what facts?

No. Ms. Acuna checked "No" in response to this question.

### 3. Did the MSPB apply the wrong law? If so, what law should be applied?

No. Ms. Acuna checked "Yes" in response to this question, arguing:

> The MSPB erroneously applied 5 U.S.C. 5582 which is how money is paid out following an employe's death. It is a settlement of accounts. The back pay owed here is not a part of his settlement of accounts for his work, but back pay owed as a result of the Board's reversal of an illegal

> suspension. The amount owed is pursuant to 5 USC 8596
> and part of the estate.

Applnt. Br. 2. Ms. Acuna's interpretation of the relevant statutes is incorrect. The plain language of 5 U.S.C. §§ 5581, 5582, and 5596 and the statutory scheme relating to pay establish that the agency was required to pay Mr. McCardle's back pay to the beneficiary he designated in the SF 1152, Ms. Gaya.

The Court's "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Pennzoil–Quaker State Co. v. United States*, 511 F.3d 1365, 1373 (Fed. Cir. 2008) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). The Court's "inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Id.* Moreover, "statutory language cannot be construed in a vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Mich. Dep't. of Treasury*, 489 U.S. 803, 809 (1989) (citation omitted).

Section 5582 of Title 5 and the regulations issued by the Office of Personnel Management (5 C.F.R. Part 178) govern settlement of the accounts of deceased employees of the Federal government. Section 5582(b) states that "*money due* an employee at the time of his death shall be paid to the person or persons surviving at the date of death, in the following order of precedence . . . ." 5 U.S.C. § 5582(b)

(emphasis added); *see also* 5 C.F.R. § 178.204 (same). The first in this statutory order of precedence is "the beneficiary or beneficiaries designated by the employee in a writing received in the employing agency before his death." *Id.* Accordingly, if there was "money due" to Mr. McCardle at the time of his death, section 5582 requires payment to the beneficiary that he designated in the SF 1152. *Id.*; *see also* 5 C.F.R. § 178.203 (discussing requirements for designating beneficiary in SF 1152).

The phrase "money due" is defined by statute to mean "the pay and allowances due on *account of the services* of a deceased employee for the Government of the United States . . . ." 5 U.S.C. § 5581(2) (emphasis added). Mr. McCardle is entitled to back pay based on an unjustified or unwarranted suspension. *See* SAppx20. The Court must reference the statute governing back pay (5 U.S.C. § 5596) to determine whether such pay is due "on account of the services" of the deceased employee. The answer is clear and unambiguous—an employee entitled to back pay "*for all purposes*, is deemed to have performed service for the agency during that period" of an unjustified or unwarranted personnel action. 5 U.S.C. § 5596(b)(1)(B) (emphasis added). Thus, an employee entitled to back pay based on an unwarranted personnel action is deemed to have performed service for the agency "for all purposes," which means that back pay is "money due" and subject to the order of precedence in section 5582.

A syllogism explains the statutory scheme and makes this point obvious. *See Kloeckner v. Solis*, 568 U.S. 41, 50 (2012) ("Now just put § 7703 and § 7702 together—say, in the form of a syllogism, to make the point obvious."). "Money due" is pay due

"on account of the services of a deceased employee . . . ." 5 U.S.C. § 5581(2). An employee is "deemed to have performed service" during the period in which the employee is entitled to back pay. 5 U.S.C. § 5596(b)(1)(B). Back pay is therefore "money due" a deceased employee.

Having established that back pay is "money due" a deceased employee, section 5582 required the EEOC to pay the back pay "to the beneficiary or beneficiaries designated by the employee in a writing . . . ." 5 U.S.C. § 5582(b). It was undisputed at the board that Mr. McCardle designated Ms. Gaya as his beneficiary in an SF 1152, and that this written designation was not revoked.. *See* SAppx6 ("Ms. Acuna does not contest that the beneficiary form designated Ms. Gaya . . . ."); *see also* SAppx58 (SF 1152). Consistent with the SF 1152, the agency paid the back pay to the designated beneficiary, Ms. Gaya. SAppx53-54. The board did not err in affirming the EEOC's action and dismissing Ms. Acuna's petition for enforcement.

Ms. Acuna argues that the back pay is "not owed under any examples provided for by Section 5581." Applnt. Br. 5. Section 5581 contains a non-exhaustive list of types of pay that qualify as "money due," but this non-exhaustive list is not dispositive. *See* 5 U.S.C. § 5581(2) (stating that the definition of money due "includes, but is not limited to," different types of pay allowed under Federal law). As demonstrated above, section 5581 defines "money due" to mean "*the pay* and allowances due on account of the services of a deceased employee . . . ." *Id.* (emphasis added). Section 5596 addresses the situation where an employee was

"affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of *all or part of the pay*, allowances, or differentials of the employee." 5 U.S.C. § 5596(b)(1) (emphasis added). In that instance, the employee is entitled to "an amount equal to all or any part *of the pay*, allowances, or differentials, as applicable *which the employee normally would have earned or received during the period if the personnel action had not occurred*, less any amounts earned by the employee through other employment during that period." *Id.* § 5596(b)(1)(A)(i) (emphasis added). Thus, back pay owed under section 5596 falls squarely under the definition of "money due" because an employee entitled to back pay is for all purposes "deemed to have performed service" during the unjustified separation. 5 U.S.C. § 5596(b)(1)(B).

Ms. Acuna also argues that "the amount owed is pursuant to 5 USC [5]596 and part of the estate." Applnt. Br. 3. She contends that the back pay was not due at the time of Mr. McCardle's death, and that the back pay should thus be treated as an asset of the estate. *See* Applnt. Br. 5. This is incorrect. Federal statutes and regulations govern the payment of money due a deceased employee under Federal law. *See* 5 U.S.C. § 5583 ("Under such regulations as the Director of the Office of Personnel Management may prescribe, the employing agency shall pay money due a deceased employee to the beneficiary designated by the employee under section 5582(b) . . . ."); *see also* SAppx60 (OPM Compensation and Leave Decision) ("Disposition of unpaid compensation payable under federal law is governed exclusively by federal statute and

regulation, and not by the laws and courts of the state of domicile or other jurisdiction.").

Moreover, although section 5596 discusses the circumstances in which an employee is entitled to back pay, it does not address the disposition of back pay due a deceased employee. *See* 5 U.S.C. § 5596. Instead, the Court must look to section 5582 to determine the beneficiary of the deceased employee's back pay. *See* 5 U.S.C. § 5582(b). Indeed, Congress enacted section 5582 specifically "to simplify and improve the method of settling and adjusting the accounts of deceased civilian employees." SAppx61 (citing S Rep. No. 1933 (June 30, 1950), reprinted in 1950 U.S.C.C.S. 2866, 1950 WL 1721 (Leg. Hist.)). Here, the EEOC paid the back pay pursuant to the order of precedence in section 5582(b). SAppx53-55; SAppx4. The EEOC did not err, and the board properly dismissed Ms. Acuna's petition for enforcement.

**4.    Did the MSPB fail to consider any important grounds for relief?**

No. Ms. Acuna checked "No" in response to this question.

**5.    Are there any other reasons why the MSPB's decision was wrong? If so, what reasons?**

No. Ms. Acuna checked "No" in response to this question.

**6.    What action do you want this Court to take in this case?**

We respectfully request that the Court affirm the board's decision.

**7.    Do you want to argue before the Court in person? What are the reasons why argument will aid the Court?**

No.

## CONCLUSION

For these reasons, we respectfully request that the Court affirm the MSPB's decision.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Corinne A. Niosi
CORINNE A. NIOSI
Assistant Director

/s/ Daniel D. Falknor
DANIEL D. FALKNOR
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-0320
E-mail: Daniel.D.Falknor@usdoj.gov

November 6, 2024

Attorneys for Respondent

**IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

| | | |
|---|---|---|
| YOLANDA ACUNA,<br><br>Petitioner,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2024-2114 |

**<u>SUPPLEMENTAL APPENDIX OF RESPONDENT</u>**

# INDEX TO RESPONDENT'S SUPPLEMENTAL APPENDIX

Final Order of the Merit Systems Protection Board dated May 13, 2024.................1

Initial Decision of the Merit Systems Protection Board dated May 24, 2023…….14

Attestation and Certified List from the Merit Systems Protection Board...............42

Yolanda Acuna's Claim For Compensation (SF 1153)..........................................49

Monica Gaya's Claim For Compensation (SF 1153)..……...................................51

Public Voucher For Unpaid Compensation Due A Deceased Employee................53

Trevor McCardle's Suspension Paperwork……………………………….........56

Trevor McCardle's Standard Form 1152…………………………………………58

OPM Compensation and Leave Decision dated February 20, 2001………………59

*Consistent with Federal Circuit Rule 25.1(b), Respondent has redacted Personally Identifiable Information. No other information has been redacted by Respondent.

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TREVOR MCCARDLE,<br>Appellant, | DOCKET NUMBER<br>SF-0752-15-0230-X-1 |
| v. | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Agency. | DATE: May 13, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cori M. Cohen, Esquire, and Stephanie M. Herrera, Esquire, Silver Spring, Maryland, for the appellant.

Holly V. Franson, Esquire, Denver, Colorado, for the appellant.

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Yolanda Acuna, South Gate, California, for the appellant.

Anabia Hasan, Esquire, Alexandra Schwartzman, and Natasja D. H. Handy, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

This case is before the Board pursuant to the May 24, 2023 compliance initial decision of the administrative judge, which found the agency not in compliance with the Board's January 6, 2023 nonprecedential Final Order. *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-C-1, Compliance File (CF), Tab 8, Compliance Initial Decision (CID); *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-I-1, Final Order (Jan. 6, 2023) (Final Order). For the reasons set forth below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

On January 2, 2015, the appellant appealed his indefinite suspension. *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-I-1, Initial Appeal File (IAF), Tab 1. On December 28, 2015, the administrative judge cancelled the appellant's suspension and ordered that he be retroactively restored to his position and paid the appropriate amount of back pay, but found that the appellant failed to prevail on his affirmative defenses of reprisal for whistleblowing and Equal Employment Opportunity activities, as well as his claim that his Fourth Amendment rights were violated. IAF, Tab 74, Initial Decision at 11, 18-19.

The agency filed a petition for review, and the appellant filed a cross-petition for review. *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-I-1, Petition for Review File, Tabs 3, 15. On January 6, 2023, the Board issued its Final Order, ordering the agency to rescind the indefinite suspension, restore the appellant effective December 8, 2014, and pay the appellant the appropriate amount of back pay, interest on the back pay, and other benefits. Final Order at 23. The Board also took official notice that the appellant had passed away on August 4, 2019, and his

counsel had untimely moved to substitute his current wife, Yolanda Acuna, as his "sole beneficiary." *Id.* at 1, n.1. The Board further held that though the motion for substitution was untimely, "we find it appropriate to continue with the processing of [the] appeal. Both Ms. Acuna and Mr. McCardle will be referred to as 'the appellant.'" *Id.*

On April 14, 2023, the substitute party appellant filed a petition for enforcement, contending that the agency had not yet fulfilled the Board's order to pay her the appropriate amount of back pay and interest. CF, Tab 1. On April 20, 2023, the agency filed a "request for guidance re backpay," explaining that, although Ms. Acuna was now a substituted party, in 2010, the appellant had signed a Standard Form 1152 (SF-1152), entitled "Designation of Beneficiary-Unpaid Compensation of Deceased Civilian Employee," which designated his then-wife, Monica McCardle (now Monica Gaya), as his beneficiary. CF, Tab 3 at 21. The agency requested "guidance from the Board as to how to properly direct payment to the Appellant's estate." *Id.* at 6. On the same day, the administrative judge issued an opinion denying the agency's request for guidance, because "the Board is prohibited from issuing advisory opinions." CF, Tab 4 at 1.

On May 24, 2023, the administrative judge issued a compliance initial decision, holding that the agency "failed to meet its burden of proving it has complied with the Board's final order to pay the appellant the correct amount of back pay, interest on back pay, and other benefits for the indefinite suspension period at issue that was effective December 28, 2014." CID at 11.[2]

---

[2] The compliance initial decision informed the agency that, if it decided to take the actions required by the decision, it must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it has taken the actions identified in the compliance initial decision, along with evidence establishing that it has taken those actions. CID at 11-12; *see* 5 C.F.R. § 1201.183(a)(6)(i). The compliance initial decision also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 12-13; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii). Neither party petitioned for review of the compliance initial decision.

On June 6, 2023, the agency submitted a "Response Demonstrating Compliance With Board's May 24, 2023 Order." *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-X-1, Compliance Referral File (CRF), Tab 1.  The agency provided evidence that it had issued the ordered back pay in the amount of $74,003.11 to the appellant's designated beneficiary, Ms. Gaya.  *Id.* at 5, 17-26.  The agency also attached correspondence from the Office of Personnel Management to the agency stating that 5 U.S.C. § 5582 and 5 C.F.R. § 178.204 require the agency to pay the money due the appellant to the designated beneficiary.  *Id.* at 7.  Following the agency's submission, the Office of the Clerk of the Board issued an Acknowledgement Order notifying the parties that a new docket number had been assigned (reflecting the referral of the matter to the Board for a final compliance determination) and notifying the substitute appellant of her right to respond to the agency's submission within 20 days.  CRF, Tab 2 at 1-2.

On June 14, 2023, Ms. Acuna submitted her "Response to Acknowledgement Order."  CRF, Tab 3.  In her response, Ms. Acuna contends that the agency has not complied with the Board's Final Order because it issued the back pay to the wrong person.  *Id.* at 5-6.  She argues the appellant's SF-1152 form does not govern the payment of back pay because back pay is not governed by 5 U.S.C. § 5582, but instead by 5 U.S.C. § 5596 ("Back pay due to unjustified personnel action").  *Id.*

On June 27, 2023, the agency submitted a reply to appellant's response, arguing that the SF-1152 was in full force and effect unless the appellant expressly revoked it in writing, transferred to another agency, or was reemployed by the same or another federal agency or department, none of which had occurred.  CRF, Tab 5 at 5.

On June 28, 2023, Ms. Acuna filed an "Appellant's Objection and Reply to Agency's June 27, 2023 Response" contending that "a retirement specialist" she had consulted stated that the SF-1152 "has nothing to do with backpay for an

MSPB case" but instead "is used to 'clean up' all incidentals of pay due as a result of a government employee's death." CRF, Tab 6 at 4-5.

**ANALYSIS**

The agency bears the burden of proving that it has complied with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 4 (2010). The agency is required to produce relevant, material, and credible evidence of compliance in the form of documentation or affidavits. *Spates v. U.S. Postal Service*, 70 M.S.P.R. 438, 443 (1996). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

Here, the agency's outstanding compliance issue was to pay the appropriate amount of back pay and interest on the back pay. CID at 11. The agency has submitted a narrative statement, supported by evidence, explaining that it has provided the designated beneficiary with all back pay and benefits owed. CRF, Tab 1 at 17-26. Neither party has contested the agency's calculations or its evidence that the resulting payment was issued. The only question remaining is whether Monica Gaya, the designated beneficiary on the apparently valid SF-1152 form signed by the appellant, is the appropriate recipient of the back pay and benefits. We hold that she is.

5 U.S.C. § 5582(b) and 5 C.F.R. § 178.204 provide an order of precedence for "money due an employee at the time of his death." The first in the order of preference is "the beneficiary or beneficiaries designated by the employee in a writing received in the employing agency before his death." Here, the appellant's SF-1152 Designation of Beneficiary form, which states that it applies to "unpaid compensation due and payable after [the employee's] death," designated Ms. Gaya as his beneficiary.

Ms. Acuna does not contest that the beneficiary form designated Ms. Gaya, but argues that although the form is otherwise valid, it should not control, because back pay is not "unpaid compensation," but "represents money owed to [the appellant] which has nothing to do with his death or money earned just prior to his death." CRF, Tab 3, at 5-6. We find, however, that back pay is "unpaid compensation," and thus falls within the definition of "money due" to the appellant at the time of his death under 5 U.S.C. § 5581(2) and 5 C.F.R. § 178.202(b). *See Bario v. Department of Justice*, 9 M.S.P.R. 170, 173 (1981) ("Under 5 U.S.C. §§ 5583(a) and 5596, any back pay that might be owed to the appellant as the result of this appeal would be payable to the appellant's widow, since the appellant apparently never designated another beneficiary"); *cf. Equal Employment Opportunity Commission v. Baltimore County*, 904 F.3d 330, 332 n.3 (4th Cir. 2018) (back pay generally encompasses the compensation an employee would have received but for the employer's violation of law); *Noel v. New York State Office of Mental Health Central New York Psychiatric Center*, 697 F.3d 209, 213 (2d Cir. 2012) (Title VII judgments for back pay are "wages" as defined under the Internal Revenue Code). Accordingly, we hold that the agency properly paid the back pay amount to the appellant's designated beneficiary, Ms. Gaya, and not to Ms. Acuna.

For the reasons discussed above, we find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The

regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando
______________________________
Gina K. Grippando
Clerk of the Board

Washington, D.C.

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | |
|---|---|
| | <u>Appellant</u> |
| U.S. Mail | Trevor McCardle<br>829 Lopez Avenue<br>Los Angeles, California 90022 |
| | <u>Appellant Representative</u> |
| Electronic Service | Neil Bonney<br>Served on email address registered with MSPB |
| | <u>Agency Representative</u> |
| Electronic Service | Natasja Handy<br>Served on email address registered with MSPB |
| | <u>Agency Representative</u> |
| Electronic Service | Anabia Hasan<br>Served on email address registered with MSPB |
| | <u>Agency Representative</u> |
| Electronic Service | Alexandra Schwartzman<br>Served on email address registered with MSPB |

Other Appellant Representative

Certified Mail

Yolanda Acuna
9533 Hildreth Avenue

South Gate, California 90280

Private Attorney

Certified Mail

Cori Cohen
The Law Offices of Gary M. Gilbert & Associates 8403 Colesville Rd, Suite 1000
Silver Spring, Maryland 20910-6378

Private Attorney

Electronic Service

Holly Franson
Served on email address registered with MSPB

Private Attorney

Certified Mail

Stephanie Herrera
Gary M. Gilbert & Associates, P.C. 8403 Colesville Rd, Suite 1000
Silver Spring, Maryland 20910-6378

05/13/2024
(Date)

John Hayes
John Hayes

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**WESTERN REGIONAL OFFICE**

TREVOR MCCARDLE,
Appellant,

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Agency.

DOCKET NUMBER
SF-0752-15-0230-C-1

DATE: May 24, 2023

Cori M. Cohen, Esquire, Silver Spring, Maryland, for the appellant.

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Stephanie M. Herrera, Esquire, Silver Spring, Maryland, for the appellant.

Anabia Hasan, Esquire, Washington, D.C., for the agency.

Lindsay Sfekas, Esquire, Washington, D.C., for the agency.

Natasja D H Handy, Esquire, Washington, D.C., for the agency.

**BEFORE**
Franklin M. Kang
Administrative Judge

## INITIAL DECISION

## INTRODUCTION

The appellant filed this petition for enforcement (PFE) through his attorney Neil Bonney, seeking to enforce the order that was initially set forth in the underlying initial decision (ID) addressing the appellant's January 2, 2015 petition for appeal (PFA) challenging the agency's action suspending him

indefinitely from his competitive service position of Paralegal Specialist, GS-950-11, effective December 28, 2014.  Compliance File (CF), Tab 1; Initial Appeal File (IAF), Tabs 1, 74; *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-I-1, Initial Decision (December 8, 2015) (*McCardle*-1 ID or ID).  The ID ordered the agency to "cancel the suspension and retroactively restore the appellant effective **December 28, 2014**" and "pay the appellant" the appropriate amount of back pay" as set forth below.  IAF, Tab 74.  Through a January 6, 2023 nonprecedential final order (NPFO), the Board affirmed the ID as set forth in the record.  Petition for Review (PFR), Tab 28.  As noted in the NPFO, the appellant filed three additional PFAs including an individual right of action (IRA), that were separately addressed through the corresponding IDs and NPFOs.  IAF, Tab 28 at 4.  Prior to the issuance of the NPFO, on March 24, 2022, Mr. Bonney untimely informed the Board that the appellant Trevor McCardle captioned in this appeal (TM), died on August 4, 2019.  PFR, Tab 27; *see* 5 C.F.R. § 1201.35(b).

The Board has the authority to enforce its final decision. 5 C.F.R. § 1201.112(a)(3).  In a PFE, an agency must prove that it is in compliance with the decision.  *See Zuniga v. U.S. Postal Service*, 56 M.S.P.R. 572, 575 (1993).  An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence.  *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011).  The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance.  *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

For the reasons set forth below, the appellant's PFE is GRANTED.

## ANALYSIS AND FINDINGS

Applicable Law

When an appellant has filed a PFE with the Board, the agency has the burden of proving it has complied with a final Board order. *See*, *e.g.*, *Beckwith v. Department of Veterans Affairs*, 78 M.S.P.R. 668, 670 (1998); *Spates v. U.S. Postal Service*, 70 M.S.P.R. 438, 441 (1996). Under the Board's regulations, an administrative judge can issue an initial decision finding compliance if the agency has made a good faith effort to take all actions to achieve compliance with a final decision of the Board. *See* 5 C.F.R. § 1201.183(a)(4); *see Kolassa v. Department of the Treasury*, 59 M.S.P.R. 151, 155-56 (1993); *Burch v. U.S. Postal Service*, 52 M.S.P.R. 26, 28 (1991).

Facts, Discussion, and Findings

The appellant was employed as a Paralegal Specialist, GS-950-11, assigned to the agency's facility in Los Angeles, California. IAF, Tab 4 at 19. The appellant was an employee as defined by 5 U.S.C. § 7511(a)(l). *Id*.

*October 2014 Requirement for Medical Professional Verification and Proposal*

On September 29, 2014, Supervisory Trial Attorney Sue Noh issued the appellant a letter stating in part that before he could return to work, the agency must receive documentation from a qualified medical professional verifying that the appellant's presence in the workplace does not pose a danger to himself or others. IAF, Tab 9 at 63-64. Through a letter dated October 17, 2014, Regional Attorney for the agency's Los Angeles District Office Anna Park issued a notice of proposed indefinite suspension. IAF, Tab 10 at 207-08. The proposal referenced Ms. Noh's letter by stating, "you were instructed to obtain a psychological or psychiatric evaluation before you could return to duty" and continued in part by stating it was not in the best interest of the agency to retain the appellant in a duty status pending the results from a qualified medical

professional verifying that the appellant's presence in the workplace does not pose a danger to himself or others. *Id*.

*November 2014 Submission of Verification by Qualified Medical Doctor*

On November 17, 2014, Department of Veterans Affairs Staff Psychiatrist Margarita Krasnova wrote that as the qualified medical professional treating the appellant since 2011, the appellant's presence in the workplace does not pose a danger to himself or others. IAF, Tab 5 at 36. The appellant submitted this letter to the deciding official on November 18, 2014. *Id*. at 21.

*December 2014 Requirement for Questionnaire and Decision*

On December 22, 2014, Associate General Counsel Gwendolyn Reams issued a decision, acknowledging Dr. Krasnova's letter, and sustained the proposal. IAF, Tab 5 at 21-24. The Board reversed the indefinite suspension because the agency failed to prove it had a sufficient basis to impose the suspension, and the agency was directed to cancel the suspension and retroactively restore the appellant effective December 28, 2014, and pay the appellant the undisputed amount no later than 60 calendar days of the date of the NPFO. IAF, Tab 74; PFR, Tab 28. *McCardle*-1 was adjudicated on the written record, and the appellant's affirmative defenses were denied. *Id*. The ID noted that while the record reflects that the acting agency officials failed to seek and/or follow competent personnel advice in handling this matter, it is clear the agency would have taken this same action in the absence of the appellant's protected activities based on the seriousness of the allegations and circumstances as set forth in the ID. IAF, Tab 74 at 17.

*Additional PFAs, PFRs, and NPFOs*

After the appellant filed *McCardle*-1, the appellant filed a series of similarly captioned appeals under MSPB Docket Numbers: SF-0752-15-0496-I-1 (*McCardle*-2) challenging the continuation of the indefinite suspension specified above and SF-0752-16-0689-I-1 (*McCardle*-3) challenging the appellant's removal, and an IRA docketed as SF-1221-17-0270-I-1 (*McCardle*-4).

*McCardle-2 Dismissed – No Further Relief Provided*

Based on the disposition of *McCardle*-1 as set forth above, the Board dismissed *McCardle*-2 as moot and vacated the underlying order to reverse the continuation of the cancelled suspension. *McCardle*-2 PFR File, Tab 27. The Board explained:

> Because we have affirmed the administrative judge's finding that the agency improperly continued the suspension after its receipt of the FFD report, and we conclude that the appellant did not prove his affirmative defenses related to the continuation of the indefinite suspension, he is not entitled to any further relief. Accordingly, because there is no further relief that could be provided to the appellant, this appeal is dismissed as moot.

*Id*. *McCardle*-2 was adjudicated on the written record, and the appellant's affirmative defenses were denied. *Id.* at 4.

*McCardle-3 Affirmed Removal of Appellant Effective October 16, 2015*

Through *McCardle*-3, the ID and NPFO affirmed the appellant's removal effective October 16, 2015. *McCardle*-3 PFR, Tab 11; *McCardle*-3 IAF, Tab 5 at 44 (removal SF-50 effective October 16, 2015). The appellant's removal was sustained following a multi-day hearing was held in *McCardle*-3, and the appellant's affirmative defenses were denied. *Id*. As noted below, the agency appears to identify a different separation date without adequate explanation. CF, Tab 3.

*McCardle-4 Denied IRA Corrective Action*

The ID and NPFO denied the appellant's request for corrective action. *McCardle*-4 PFR, Tab 7. The IRA in *McCardle*-4 was decided on the written record. *Id*.

*March 2022 Untimely Notification of TM's 2019 Death and Yolanda Acuna (YA)*

On March 24, 2022, Mr. Bonney filed a submission informing the Board that TM died on August 4, 2019, and filed an untimely motion for YA to be substituted as the party in interest in this appeal claiming YA was the sole beneficiary of TM's estate. PFR, Tab 27. Prior to his death, TM signed an

SF-1152 Designation of Beneficiary – *Unpaid Compensation of Deceased Civilian Employee* identifying his spouse Monica McCardle (MM) as the sole designated beneficiary (DB). CF, Tab 7 at 38. The SF-1152 signed by TM states:

> I, the employee named above, canceling any and all previous Designations of Beneficiary heretofore made by me, do now designate the beneficiary or beneficiaries named below to receive any unpaid compensation due and payable after my death. I understand that this Designation of Beneficiary relates solely to money due as defined in 5 U.S.C. 5581, 5582, 583, and in no way will affect the disposition of any benefit which may become payable under the Retirement or Group Life Insurance Acts applicable to my Government service. I further understand that this Designation of Beneficiary will remain in full force and effect until (1) I expressly change or revoke it in writing, (2) I transfer to another agency, or (3) I am reemployed by the same or another department or agency of the Government.

*Id*. Through the first footnote in the underlying NPFO, the Board noted that Mr. Bonney's 2022 notification of TM's 2019 death exceeded the 90 day notification requirement under section 1201.35(b). PFR, Tabs 27, 28. Additionally, the Board did *not* find good cause for Mr. Bonney's failure to comply with 5 C.F.R. § 1201.35(b), and Mr. Bonney's 2022 notification referenced in the prior sentence does not adequately set forth good cause for this delay. *Id*.

*Section 1201.35(c) Absence of Timely Substitution and "Both"*

Under section 1201.35(c), *in the absence of a timely substitution* of a party, the processing of an appeal may continue if the interests of the proper party will not be prejudiced. PFR, Tab 28. After noting Mr. Bonney's failure to comply with the section 1201.35(b) as set forth in the prior paragraph, the NPFO cited section 1201.35(c) and found that the processing of this appeal was appropriate because the interests of the proper party will not be prejudiced. *Id*. *There is nothing in the record to suggest the Board granted Mr. Bonney's untimely filed request under section 1201.35(b) and/or found good cause for Mr. Bonney's delay in filing the motion for substitution;* to this point, the application of section 1201.35 applies in the absence of a timely substitution as noted above. *Id.* After

finding section 1201.35(c) applicable as discussed above within this paragraph, the Board found it appropriate to *continue* with the processing of this appeal and specified "*Both*" YA and TM will be referred to as "the appellant."   *Id*. (italics added).

*January 6, 2023 NPFO Relief Ordered*

After clarifying that "*Both*" YA and TM would be referred to as "*the appellant*[,]" the NPFO granted relief, stating in part:

> We ORDER the agency to rescind the indefinite suspension and to restore the appellant effective December 28, 2014.
>
> . . .
>
> We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. . . . If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

*Id*. at 1, 23 (italics added).

*Calculation Period Ends at Termination*

The agency states that the suspension at issue was "removed[,]" and the net amount of payment at issue in this PFE based on the quoted section above is $74,003.11 with a gross calculation of $87,097.31, and states that the relevant back pay period is "December 28, 2014 through October 17, 2015" as set forth in the record.  CF, Tab 3 at 4-5, 19.  The agency does not address its reason for including October 17, 2015, in its calculation as quoted in the prior sentence since the indefinite suspension presumably ended when the appellant was removed effective October 16, 2015, as noted in the *McCardle*-3 NPFO. *McCardle*-3 PFR Tab 11; *McCardle*-3 IAF, Tab 5 at 44.

*Compliance Issue in PFE – No Attempted Payment to TM or DB*

The PFE issue identified by the appellant is whether the agency has complied with the order to pay the appellant the correct amount of back pay, interest on back pay, and other benefits, referred to collectively by the appellant as "monies owed" as set forth in the record. CF, Tabs 1, 3. There is nothing in the record to suggest the agency issued or attempted to issue payment payable to DB, TM, and/or TM's estate after receiving the NPFO, with the instructions as quoted and discussed in the paragraphs above, on January 6, 2023. *Id.*; PFR, Tabs 28, 29.

*April 14, 2023 PFE Claiming Agency Failed to Pay*

On April 14, 2023, Mr. Bonney argued the agency had not complied with the Order quoted above, specifying "the agency has not yet paid the monies owed." CF, Tab 1. There is nothing in the record to suggest the agency attempted to pay the appellant; specifically, there is nothing in the record to suggest the agency issued or attempted to issue payment payable to DB, TM, and/or TM's estate. *See id.*

*April 20, 2023 Claim of "confusion" and Prohibited Advisory Opinions*

The agency responded to the PFE by asking the Board to issue "guidance" as to how to direct payment to the appellant's estate. CF, Tab 3; *see* 5 U.S.C. § 1204(h). Claiming "confusion as to protocol[,]" the agency argued the NPFO appears to have accepted YA as a "substituted party" notwithstanding the NPFO specifying that "Both" YA and TM will be referred to as the appellant as discussed above in detail. *Id.*; PFR, Tab 28 at 1. Based on the explicit language of the NPFO, the statutory prohibition on issuing advisory opinions under section 1204(h), and the PFE issue identified by the appellant in this compliance proceeding as specified above, the agency's request was denied. *Id.*; CF, Tab 4.

*SF-1152 Designation of Beneficiary Signed by TM*

As noted above, the agency submitted an SF-1152 Designation of Beneficiary – *Unpaid Compensation of Deceased Civilian Employee* signed by

TM on December 21, 2010, designating his spouse MM as the sole DB to receive any unpaid compensation due and payable upon TM's death. CF, Tab 3 at 21.

*SF-1153 Claim for Compensation Signed by YA*

The agency also submitted an SF-1153 Claim for Compensation of Deceased Civilian Employee signed by YA on February 22, 2023. CF, Tab 7 at 35-36. The SF-1153 states in part:

> **INSTRUCTIONS**
>
> [] If you are a designated beneficiary of the deceased, complete Parts B and G

*Id*. Within "**Part B**" of the SF-1153, YA checked "Yes" to the question asking, "Is a *Designation of Beneficiary for Unpaid Compensation (SF 1152) on file* with the agency?" and listed herself as TM's partner, and signed Part G; as noted above, the undisputed record reflects that the only *Designation of Beneficiary for Unpaid Compensation SF-1152* on file with the agency is the one identifying MM as the sole DB. *Id*. at 35-36, 38 (italics added).

*April 26, 2023 Request to Delay PFE*

On April 26, 2023, the agency filed a joint request to delay this compliance proceeding, stating that the parties were seeking clarification from the Office of Personnel Management (OPM) "on the appropriate payee." CF, Tab 5. The April 26, 2023 motion submitted by the agency did not include any details about the inquiry to OPM beyond stating that the parties were seeking "guidance and/or a decision as to how to properly direct payment to the Appellant's estate" and was denied for lack of good cause. *Id*. As noted above, there is nothing in the record to suggest the agency issued or attempted to issue payment payable to DB, TM and/or TM's estate. *See id*.

*April 27, 2023 Email to OPM for Guidance, Settlement, and "the wife"*

On April 27, 2023, after receiving the Board's April 26, 2023 Order denying the request to delay, the agency emailed OPM under the "**Subject:** Order of Payment Precedence for Settlement Agreement" seeking "guidance" to confirm

that the agency was obligated to pay "the wife [MM] as the official beneficiary for unpaid compensation on file with the agency." CF, Tab 7. As noted above, the Board specified *both* YA and TM would be referred to as *the appellant*, and there is nothing in the record to suggest the agency issued or attempted to issue payment payable to DB, TM and/or TM's estate. *Id*. For these reasons, I find the agency has not paid the appellant the correct amount of back pay, interest, and other benefits.

*Additional Discussion*

The agency submits a copy of a February 20, 2001 OPM Compensation and Leave Decision addressing whether a deceased employee's unpaid compensation may be distributed according to a designation of beneficiary *signed by the employee's cousin* and *received at the agency headquarters six days after the employee died*; the Decision concluded that the designation was not valid. *Id*. The agency does not adequately address the relevance of this Decision, and the relevance of this attachment is unclear since MM is the *only* DB pursuant to the sole SF-1152 signed by TM as set forth above. *Id*.

While the agency continues to claim confusion as set forth in detail above, its obligation to pay this amount remains undisputed; specifically, even as the agency made assertions about confusion caused by YA designating YA as the beneficiary on the SF-1153, following the receipt of the January 6, 2023 NPFO, there is nothing in the record to suggest the agency issued or attempted to issue payment payable to DB, TM and/or TM's estate. *See id*. Similarly, while the agency submitted evidence showing that it requested OPM guidance under the subject heading "Order of Payment Precedence for Settlement Agreement" in April 2023, more than three months *after* receiving the NPFO on January 6, 2023, with a requirement to pay the appellant within 60 days as quoted above, there is nothing in the record to suggest the agency issued or attempted to issue payment payable to DB, TM and/or TM's estate. *Id*. In carefully reviewing the entire record including the timeline of events as set forth in detail above, I find little to

suggest the agency made a good faith effort to achieve compliance with the final decision of the Board.

For these reasons, I find that the agency has failed to meet its burden of proving it has complied with the Board's final order to pay the appellant the correct amount of back pay, interest on back pay, and other benefits for the indefinite suspension period at issue that was effective December 28, 2014. Under these circumstances, including the sequence of events, and based on the findings above, I am unable to conclude that the agency has made a good faith effort to take all actions to achieve compliance with a final decision of the Board.

## DECISION

The appellant's petition for enforcement is GRANTED.

## ORDER

Because I find that the agency has not taken all actions required to be in full compliance with the final decision, I ORDER the agency to take the following actions: provide evidence that it paid the appellant the correct amount of back pay, interest on back pay, and other benefits for the period December 28, 2014, through October 16, 2015.

FOR THE BOARD: ________/S/____________________________

Franklin M. Kang
Administrative Judge

## NOTICE TO THE PARTIES

If the agency takes the actions ordered above, it must submit to the Clerk of the Board a statement that it has done so, along with evidence establishing compliance. The narrative statement must explain in detail why the evidence of compliance satisfies the requirements set forth in this decision. *See* 5 C.F.R. § 1201.183(a)(6)(i). Any such submission must be filed with the Clerk of the Board within 35 days of the date of issuance of this decision, or if the

agency/appellant shows that it was received more than 5 days after the date of issuance, within 30 days of the date the agency received this initial decision. The address of the Clerk of the Board is:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

The Clerk's fax number is (202) 653-7130. Submissions may also be made by electronic filing at the Board's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14. A submission may be rejected and returned to you if you fail to provide a statement of how you served the other party. *See* 5 C.F.R. § 1201.4(j).

If the agency decides not to take all of the actions required by this decision, it must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114 and 1201.115. *See* 5 C.F.R. § 1201.183(a)(6)(ii). The responses required by sections 1201.183(a)(6)(i) and (ii) may be filed separately or as a single pleading. The agency's response must advise the Board of any change in the identity or location of the official responsible for compliance.

The appellant may file evidence and argument in response to the agency's submission. Any such submission must be filed with the Clerk of the Board at the above address within 20 days of the date of filing of the agency's submission.

If the agency does not file a timely pleading with the Clerk of the Board as required by sections 1201.183(a)(6)(i) and (ii), the findings of noncompliance will become final and the case will be processed by the Board in accordance with 5 C.F.R. § 1201.183(c)(1).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture or the Defense Finance and Accounting Service, two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.

## NOTICE TO APPELLANT

This initial decision will become final on **June 28, 2023**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and

Case: 24-2114 Document: 13 Page: 37 Filed: 10/07/2024

may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

**Criteria for Granting a Petition or Cross Petition for Review**

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

Case: 24-2114 Document: 13 Page: 38 Filed: 10/07/2024

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic

filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

**NOTICE TO AGENCY/INTERVENOR**

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

**NOTICE OF APPEAL RIGHTS**

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** **<u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Case: 24-2114 Document: 18 Page: 47 Filed: 11/07/2024

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). *****Do not process online SF50s until notified to do so by DFAS Civilian Pay.*****

☐ 5) Certified timecards/corrected timecards. *****Do not process online timecards until notified to do so by DFAS Civilian Pay.*****

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

USDA
UNITED STATES DEPARTMENT OF
AGRICULTURE

**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

Appellant

| | |
|---|---|
| Electronic Mail | Trevor McCardle<br>829 Lopez Avenue<br>Los Angeles, CA 90022 |
| U.S. Mail | Yolanda Acuna<br>9533 Hildreth Avenue<br>South Gate, CA 90280 |

Appellant Representative

| | |
|---|---|
| Electronic Mail | Cori M. Cohen<br>The Law Offices of Gary M. Gilbert & Associates<br>1100 Wayne Avenue, Suite 900<br>Silver Spring, MD 20910 |
| Electronic Mail | Holly V. Franson, Esq.<br>The Law Offices of Gary M. Gilbert & Associates<br>1100 Wayne Avenue, Suite 900<br>Silver Spring, MD 20910 |
| Electronic Mail | Neil C. Bonney, Esq.<br>Bonney, Allenberg, O'Reilly & Eddy, P.C.<br>4854 Haygood Road, Suite 200<br>Virginia Beach, VA 23455 |
| Electronic Mail | Stephanie M. Herrera, Esq.<br>Gary M. Gilbert & Associates, P.C.<br>The Colonnade at Station Square<br>1100 Wayne Avenue, Suite 900<br>Silver Spring, MD 20910 |

Agency Representative

Electronic Mail

Anabia Hasan
Equal Employment Opportunity Commission
Office of General Counsel
131 M Street, N.E.
Washington, DC 20507

Electronic Mail

Lindsay Sfekas
Equal Employment Opportunity Commission
131 M Street NE
Washington, DC 20507

Electronic Mail

Natasja D H Handy, Esq.
Equal Employment Opportunity Commission
131 M Street NE
Washington, DC 20507

May 24, 2023
(Date)

/s/
Siu Wai Tam
Paralegal Specialist

Docket No. SF-0752-15-0230-C-1
Party:          Appellant


Yolanda Acuna
9533 Hildreth Avenue
South Gate, CA 90280



**U.S. MERIT SYSTEMS PROTECTION BOARD**
**Office of the Clerk of the Board**
**1615 M Street, N.W.**
**Washington, D.C. 20419-0002**
Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

2024-2114

## ATTESTATION

I HEREBY ATTEST that the attached index represents a list of the documents comprising the administrative record of the Merit Systems Protection Board in the appeal of *Trevor McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-X-1, and that the administrative record is under my official custody and control on this date

on file in this Board

August 1, 2024
Date

/s/
Gina K. Grippando
Clerk of the Board

CERTIFICATE OF SERVICE

I hereby certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | Petitioner |
|---|---|
| Electronic Mail<br>(via mspb@mspb.gov) | Yolanda Acuna<br>lolyacuna2@gmail.com |
| | Respondent |
| Electronic Mail<br>(via mspb@mspb.gov) | Patricia M. McCarthy, Director<br>Commercial Litigation Branch<br>Civil Division Classification Unit<br>U.S. Department of Justice<br>c/o Thee Matthews<br>thee.matthews@usdoj.gov |

August 1, 2024
(Date)

/s/
Dinh Chung
Case Management Specialist

# INDEX

Trevor McCardle

V.

Equal Employment Opportunity Commission

MSPB Docket No. SF-0752-15-0230-I-1

I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | IA | Appellant - Initial Appeal | 01/02/2015 |
| 2 | IA | MSPB - Acknowledgment Order | 01/02/2015 |
| 3 | IA | Agency - Representative Addition | 01/05/2015 |
| 4 | IA | Agency - Response File | 01/22/2015 |
| 5 | IA | Agency - Response File Part 1 | 01/22/2015 |
| 6 | IA | Agency - Response File (Part B) | 01/22/2015 |
| 7 | IA | Agency - Response File (Part C) | 01/22/2015 |
| 8 | IA | Agency - Response File (Part D) | 01/22/2015 |
| 9 | IA | Agency - Response File (Part E) | 01/22/2015 |
| 10 | IA | Agency - Response File (Part F) | 01/22/2015 |
| 11 | IA | Agency - Response File (Part G) | 01/22/2015 |
| 12 | IA | Appellant - Motion for Order Compelling | 02/25/2015 |
| 13 | IA | Agency - Motion to Compel | 03/06/2015 |
| 14 | IA | Agency - Opposition to Motion to Compel | 03/09/2015 |
| 15 | IA | MSPB - Hearing Order | 04/08/2015 |
| 16 | IA | MSPB - Order Addressing Discovery | 04/08/2015 |
| 17 | IA | Appellant - Motion to Continue Hearing to June | 04/20/2015 |
| 18 | IA | Appellant - FOLLOW UP TO APPELLANT'S | 04/20/2015 |
| 19 | IA | MSPB - Notice Regarding Hearing Delay | 04/20/2015 |
| 20 | IA | Appellant - Motion to Consolidate | 04/21/2015 |
| 21 | IA | Agency - Response to Appellant's Motion to | 04/24/2015 |
| 22 | IA | Agency - Response to Hearing Order | 04/28/2015 |
| 23 | IA | MSPB - Status Order | 05/11/2015 |
| 24 | IA | Appellant - Motion to Reschedule May 19, 2015 | 05/12/2015 |
| 25 | IA | MSPB - Order Granting Appellant's Request | 05/12/2015 |
| 26 | IA | MSPB - Order and Summary of Conference Call | 05/20/2015 |
| 27 | IA | Appellant - Response to Notice of Mediation | 06/24/2015 |

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 28 | IA | Agency - Representative Addition | 06/24/2015 |
| 29 | IA | Appellant - Supplemental Submission | 06/24/2015 |
| 30 | IA | MSPB - Notice of Termination of Mediation | 07/23/2015 |
| 31 | IA | Appellant - Status of hearing | 07/29/2015 |
| 32 | IA | Agency - Schedule Status | 08/03/2015 |
| 33 | IA | Appellant - Motion to Consolidate | 08/05/2015 |
| 34 | IA | Appellant - Motion to Consolidate and | 08/05/2015 |
| 35 | IA | Agency - Notice | 08/05/2015 |
| 36 | IA | MSPB - Hearing Order | 08/05/2015 |
| 37 | IA | Agency - Unopposed Motion To Continue The | 08/07/2015 |
| 38 | IA | Appellant - Notice | 08/07/2015 |
| 39 | IA | Agency - Supplement to Tab 4A of Agency File | 08/10/2015 |
| 40 | IA | MSPB - Order Denying Agency's Request for | 08/11/2015 |
| 41 | IA | Agency - Unopposed Motion For | 08/11/2015 |
| 42 | IA | MSPB - Order Denying Agency's Second | 08/11/2015 |
| 43 | IA | Agency - Motion for Subpoena - Gustavo | 08/12/2015 |
| 44 | IA | Agency - Motion for Subpoena - Daniel Roth | 08/13/2015 |
| 45 | IA | Appellant - Objection to Agency's  Requested | 08/19/2015 |
| 46 | IA | Appellant - Motion in Limine | 08/19/2015 |
| 47 | IA | Appellant - Objection to Agency's Prehearing | 08/19/2015 |
| 48 | IA | Agency - Notice Regarding Appellant's U.S. | 08/19/2015 |
| 49 | IA | MSPB - Order Rejecting Submissions | 08/19/2015 |
| 50 | IA | Agency - PreHearing Report Part 1 | 08/20/2015 |
| 51 | IA | Agency - Commission's PreHearing Report Part | 08/20/2015 |
| 52 | IA | Agency - Commission's PreHearing Report Part | 08/20/2015 |
| 53 | IA | Appellant - Motion to Include Full Deposition of | 08/20/2015 |
| 54 | IA | Appellant - AMENDED Prehearing Report | 08/20/2015 |
| 55 | IA | Agency - Commission's PreHearing Report Part | 08/20/2015 |
| 56 | IA | Agency - Commission's PreHearing Report Part | 08/20/2015 |
| 57 | IA | Agency - Commission's PreHearing Report Part | 08/20/2015 |
| 58 | IA | Appellant - Response to Agency Notice | 08/20/2015 |
| 59 | IA | Agency - Commission's PreHearing Report Part | 08/20/2015 |
| 60 | IA | Agency - PreHearing Report Part 1 | 08/20/2015 |
| 61 | IA | Appellant - Objections to Agency's Amended PH | 08/20/2015 |

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 62 | IA | Appellant - Withdrawal of Request for a Hearing | 08/25/2015 |
| 63 | IA | Agency - Notice | 08/26/2015 |
| 64 | IA | Appellant - Response to Agency's Request for | 08/27/2015 |
| 65 | IA | Agency - Reply to Appellant's Opposition to | 08/27/2015 |
| 66 | IA | MSPB - Order and Summary of Conference Call | 08/28/2015 |
| 67 | IA | MSPB - Order and Notice | 09/02/2015 |
| 68 | IA | Agency - Evidence and Argument | 09/23/2015 |
| 69 | IA | Appellant - Closing Brief | 09/23/2015 |
| 70 | IA | Appellant - Errata to Appellant's 09/23/15 | 10/02/2015 |
| 71 | IA | Appellant - Objections, Motion To Strike, | 10/02/2015 |
| 72 | IA | Agency - Reply to New Evidence and Argument | 10/05/2015 |
| 73 | IA | Agency - Notice of Removal | 10/16/2015 |
| 74 | IA | MSPB - Initial Decision | 12/08/2015 |
| 75 | IA | MSPB - Certificate of Service | 12/08/2015 |

INDEX

Trevor McCardle

V.

Equal Employment Opportunity Commission

MSPB Docket No. SF-0752-15-0230-I-1

I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | PFR | Appellant - Motion for EOT to File PFR | 01/04/2016 |
| 2 | PFR | MSPB - Extension of Time Order | 01/05/2016 |
| 3 | PFR | Agency - Petition for Review | 01/12/2016 |
| 4 | PFR | MSPB - Petition For Review Acknowledgment | 01/13/2016 |
| 5 | PFR | Appellant - Notice of Appearance | 01/14/2016 |
| 6 | PFR | Appellant - Motion for EOT to File a Cross PFR | 01/14/2016 |
| 7 | PFR | MSPB - Extension of Time Order | 01/14/2016 |
| 8 | PFR | Appellant - Correspondence regarding | 01/14/2016 |
| 9 | PFR | Appellant - Notice of Substitution of Counsel | 01/15/2016 |
| 10 | PFR | Appellant - Change of e-Filing Status | 01/19/2016 |
| 11 | PFR | Appellant - Change of e-Filing Status | 01/19/2016 |
| 12 | PFR | Appellant - Change of e-Filing Status | 01/19/2016 |
| 13 | PFR | Appellant - Response to Agency Petition for | 02/04/2016 |
| 14 | PFR | Agency - Reply to Appellant's Response to | 02/16/2016 |
| 15 | PFR | Appellant - Cross Petition for Review | 02/23/2016 |
| 16 | PFR | Agency - Response to Appellant's Cross PFR | 03/21/2016 |
| 17 | PFR | MSPB - Letter Rejecting Pleading | 04/04/2016 |
| 18 | PFR | Appellant - Request for Leave to File Reply | 04/05/2016 |
| 19 | PFR | MSPB - Letter Acknowledging Motion | 04/05/2016 |
| 20 | PFR | MSPB - Order | 04/29/2016 |
| 21 | PFR | MSPB - Certificate of Service | 04/29/2016 |
| 22 | PFR | Appellant - Response to Agency's Response to | 05/09/2016 |
| 23 | PFR | Appellant - Joint Request For A Stay | 09/12/2016 |
| 24 | PFR | MSPB - Order Granting Stay Request | 09/16/2016 |
| 25 | PFR | Agency - Agency Representative Addition | 02/03/2017 |
| 26 | PFR | MSPB - Show Cause Order | 03/18/2022 |
| 27 | PFR | Appellant - Motion for Substitution of Parties | 03/24/2022 |

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 28 | PFR | MSPB - Final Order | 01/06/2023 |
| 29 | PFR | MSPB - Certificate of Service | 01/06/2023 |

INDEX

Trevor McCardle

V.

Equal Employment Opportunity Commission

MSPB Docket No. SF-0752-15-0230-C-1

C - Petition for Enforcement

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | IA | Appellant - Petition for Enforcement | 04/14/2023 |
| 2 | IA | MSPB - Acknowledgment Order | 04/14/2023 |
| 3 | IA | Agency - Agency request for guidance re | 04/20/2023 |
| 4 | IA | MSPB - Order | 04/20/2023 |
| 5 | IA | Agency - Joint Motion for Stay | 04/26/2023 |
| 6 | IA | MSPB - Order Denying Request to Delay | 04/26/2023 |
| 7 | IA | Agency - Agency Response to | 04/28/2023 |
| 8 | IA | MSPB - Initial Decision | 05/24/2023 |
| 9 | IA | MSPB - Certificate of Service | 05/24/2023 |

INDEX

Trevor McCardle

V.

Equal Employment Opportunity Commission

MSPB Docket No. SF-0752-15-0230-X-1

X - Compliance Referral

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | IA | Agency - Statement of Compliance | 06/06/2023 |
| 2 | IA | MSPB - Acknowledgement Order | 06/07/2023 |
| 3 | IA | Appellant - Response to Acknowledgment Order | 06/14/2023 |
| 4 | IA | Agency - Agency Representative Addition | 06/27/2023 |
| 5 | IA | Agency - Reply to Appellant's Response to | 06/27/2023 |
| 6 | IA | Appellant - Response to Agency's Claim of | 06/28/2023 |
| 7 | IA | MSPB - Final Order | 05/13/2024 |

# CLAIM FOR COMPENSATION OF DECEASED CIVILIAN EMPLOYEE

Form Approved
OMB No. 3206-0234

## GENERAL INFORMATION

- Complete this form and send it to the Federal Government agency that employed the deceased at the time of his/her death. Contact that agency if you need help to complete this form.
- All Government checks in your possession, drawn to the order of the deceased in payment of "unpaid compensation," should accompany this claim. All Government checks drawn to the order of the deceased for other purposes (such as veterans' benefits, social security benefits, or Federal tax refunds) should be returned to the agency that sent it.

## PART A

| 1. Name of deceased | 2. Social Security Number of deceased | 5. Employing agency |
|---|---|---|
| Trevor McCaardle | [redacted] | Equal Employment Opportunity Commission |
| **3. Last address of deceased (if known)** | **4. Date of death** | |
| [redacted] Los Angeles, CA 90022 | 08/04/2019 | |

## INSTRUCTIONS

- If you are a designated beneficiary of the deceased, complete Parts B and G.
- If you are the widow or widower of the deceased, complete Parts B, C, and G.
- If you are **not** a designated beneficiary of the deceased but you are a relative or next of kin of the deceased, complete Parts D and G.
- If you are an executor or administrator of the deceased's estate, complete Parts E and G.
- If you do not meet the criteria in Items 1 through 4, complete Parts F and G.

## PART B

1. Is a Designation of Beneficiary for Unpaid Compensation (SF 1152) on file with the agency?
   Yes ☑ No ☐ Don't know ☐

If you need more room, write "See Attached" in Part B. On a blank sheet (the attachment), print your name, date of birth and social security number at the top. List the information required in Part B for each beneficiary. Sign the form and attachment having the same two people witness both of your signatures.

| Full Name/Legal entity, e.g., Trust | Social Security Number | Age | Relationship to deceased | Address |
|---|---|---|---|---|
| Yolanda Acuna | [redacted] | 50 | Partner | [redacted] |
| | | | | |
| | | | | |
| | | | | |

## PART C

1. Do you certify that (1) you were married to the deceased **and** (2) to the best of your knowledge and belief the marriage was not dissolved prior to his/her death? Yes ☐ No ☐

## PART D

1. List below the name, social security number, age, relationship, and address of:
   (a) If no widow or widower survives, list each living child of the deceased and state whether natural, adopted, illegitimate or stepchild.
   (b) If no child survives, list each living descendant of the deceased children.
   (c) If no widow or widower, child or descendant of deceased children survive, list each surviving parent and state whether natural, step, foster, or adoptive parent.
   (d) If none of the above survives, list the next of kin who may be capable of inheriting from the deceased (brothers, sisters, descendants of deceased brothers and sisters).

| Full name | Social Security Number | Age | Relationship to deceased | Address |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

U.S. Office of Personnel Management
CFR 178, Subpart B
NSN 7540-00-634-4341

(continue on other side)
1153

Standard Form 1153
Revised August 2011

All other previous editions are not usable

SAppx049

Pleading Number : 2023016429 Submission date : 2023-04-28 16:07:19 Confirmation Number: 1719018366 page 35 of 51

## PART E

1. If none of the individuals listed in Parts B and D survives and an executor or administrator of the deceased's estate has been appointed, the following statement should be completed.

I/we have been duly appointed ______________________ (Executor or Administrator) of the estate of the deceased, as evidenced by certificate of appointment herewith, administration having been taken out in the interest of

______________________ (Name, address, and relationship of interested relative or creditor)

and such appointment is still in full force and effect.

**NOTE:** If making claim as the executor or administrator of the estate of the deceased, no witnesses are required, but a court certificate evidencing your appointment must be submitted.

2. If no administrator or executor of the deceased's estate has been appointed, will one be appointed? Yes ☐ No ☐

## PART F

1. Have funeral expenses of the deceased been paid? Yes ☐ No ☐ Don't know ☐
(If paid, receipted bill of the funeral director must be attached.)

Whose money was used to pay the funeral expenses? ______________________.

## PART G

**Fines, Penalties and Forfeitures** are imposed by law for making false or fraudulent claims against the United States or making false statements in connection therewith.

| Signature of claimant | Date | Signature of claimant | Date |
|---|---|---|---|
| [signature] | 02/22/2023 | | |
| Street address | | Street address | |
| [redacted] | | | |
| City, State, and Zip Code | | City, State, and Zip Code | |
| South Gate, CA 90280 | | | |

**Two Witnesses are Required**

| Signature of witness | Date | Signature of witness | Date |
|---|---|---|---|
| [signature] | 2/22/23 | [signature] | 02-23-2023 |
| Street address | | Street address | |
| [redacted] | | [redacted] | |

### Privacy Act and Public Burden Statement

Solicitation of this information is authorized by the Code of Federal Regulations, Part 178, Subpart B. The information you furnish will be used to determine the amount, validity, and the person(s) entitled to the unpaid compensation of a deceased Federal employee. The information may be shared and is subject to verification, via paper, electronic media, or through the use of computer matching programs to obtain information necessary for determination of entitlement under this program or to report income for tax purposes. It may also be shared and verified, as noted above, with law enforcement agencies when they are investigating a violation or potential violation of the civil or criminal law. Public Law 104-134 (April 26, 1996) requires that any person doing business with the Federal government furnish a Social Security Number or tax identification number. This is an amendment to title 31, Section 7701. Failure to furnish the requested information may delay or make it impossible for us to determine your eligibility to receive payments.

We think this form takes an average of 15 minutes per response to complete, including the time for reviewing instructions, getting the needed data, and reviewing the completed form. Send comments regarding our estimate or any other aspect of SF 1153, including suggestions for reducing completion time, to the Office of Personnel Management (OPM), Reports and Forms Officer, Paperwork Reduction (3206-0234), Washington, D.C. 20415-7900. The OMB number 3206-0234 is currently valid. OPM may not collect this information, and you are not required to respond, unless this number is displayed.

U.S. Office of Personnel Management
CFR 178, Subpart B

Print Form Save Form Clear Form

Standard Form 1153
Revised Aug 2011

SAppx050

Pleading Number : 2023016429 Submission date : 2023-04-28 16:07:19 Confirmation Number: 1719018366 page 36 of 51

# CLAIM FOR COMPENSATION OF DECEASED CIVILIAN EMPLOYEE

Form Approved
OMB No. 3206-0234

## GENERAL INFORMATION

- Complete this form and send it to the Federal Government agency that employed the deceased at the time of his/her death. Contact that agency if you need help to complete this form.
- All Government checks in your possession, drawn to the order of the deceased in payment of "unpaid compensation," should accompany this claim. All Government checks drawn to the order of the deceased for other purposes (such as veterans' benefits, social security benefits, or Federal tax refunds) should be returned to the agency that sent it.

## PART A

| 1. Name of deceased | 2. Social Security Number of deceased | 5. Employing agency |
|---|---|---|
| Trevor Erin McCardle | [redacted] | EEOC |
| 3. Last address of deceased (if known) | 4. Date of death | |
| [redacted] Los Angeles, CA 90022 | 08/04/2019 | |

## INSTRUCTIONS

- If you are a designated beneficiary of the deceased, complete Parts B and G.
- If you are the widow or widower of the deceased, complete Parts B, C, and G.
- If you are **not** a designated beneficiary of the deceased but you are a relative or next of kin of the deceased, complete Parts D and G.
- If you are an executor or administrator of the deceased's estate, complete Parts E and G.
- If you do not meet the criteria in Items 1 through 4, complete Parts F and G.

## PART B

1. Is a Designation of Beneficiary for Unpaid Compensation (SF 1152) on file with the agency?
   Yes ☑ No ☐ Don't know ☐

If you need more room, write "See Attached" in Part B. On a blank sheet (the attachment), print your name, date of birth and social security number at the top. List the information required in Part B for each beneficiary. Sign the form and attachment having the same two people witness both of your signatures..

| Full Name/Legal entity, e.g., Trust | Social Security Number | Age | Relationship to deceased | Address |
|---|---|---|---|---|
| Monica Maria Gaya | [redacted] | 46 | Ex-Wife | [redacted] Murrieta, CA 92562 |
| | | | | |
| | | | | |
| | | | | |

## PART C

1. Do you certify that (1) you were married to the deceased **and** (2) to the best of your knowledge and belief the marriage was not dissolved prior to his/her death? Yes ☐ No ☐

## PART D

1. List below the name, social security number, age, relationship, and address of:
   (a) If no widow or widower survives, list each living child of the deceased and state whether natural, adopted, illegitimate or stepchild.
   (b) If no child survives, list each living descendant of the deceased children.
   (c) If no widow or widower, child or descendant of deceased children survive, list each surviving parent and state whether natural, step, foster, or adoptive parent.
   (d) If none of the above survives, list the next of kin who may be capable of inheriting from the deceased (brothers, sisters, descendants of deceased brothers and sisters).

| Full name | Social Security Number | Age | Relationship to deceased | Address |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

U.S. Office of Personnel Management
CFR 178, Subpart B
NSN 7540-00-634-4341

(continue on other side)
1153

Standard Form 1153
Revised August 2011

All other previous editions are not usable

## PART E

1. If none of the individuals listed in Parts B and D survives and an executor or administrator of the deceased's estate has been appointed, the following statement should be completed.

I/we have been duly appointed ______________________ (Executor or Administrator) of the estate of the deceased, as evidenced by certificate of appointment herewith, administration having been taken out in the interest of

______________________ (Name, address, and relationship of interested relative or creditor)

and such appointment is still in full force and effect.

**NOTE:** If making claim as the executor or administrator of the estate of the deceased, no witnesses are required, but a court certificate evidencing your appointment must be submitted.

2. If no administrator or executor of the deceased's estate has been appointed, will one be appointed? Yes ☐ No ☐

## PART F

1. Have funeral expenses of the deceased been paid? Yes ☐ No ☐ Don't know ☐
(If paid, receipted bill of the funeral director must be attached.)

Whose money was used to pay the funeral expenses? ______________________.

## PART G

**Fines**, **Penalties** and **Forfeitures** are imposed by law for making false or fraudulent claims against the United States or making false statements in connection therewith.

| Signature of claimant | Date | Signature of claimant | Date |
|---|---|---|---|
| [signature] | 5/22/2023 | | |
| Street address | | Street address | |
| [redacted] | | | |
| City, State, and Zip Code | | City, State, and Zip Code | |
| Murrieta, CA 92562 | | | |

**Two Witnesses are Required**

| Signature of witness | Date | Signature of witness | Date |
|---|---|---|---|
| [signature] | 05/23/2023 | [signature] | 05/23/2023 |
| Street address | | Street address | |
| [redacted] | | [redacted] | |
| City, State, and Zip Code | | City, State, and Zip Code | |
| Washington, DC 20507 | | Washington, DC 20507 | |

### Privacy Act and Public Burden Statement

Solicitation of this information is authorized by the Code of Federal Regulations, Part 178, Subpart B. The information you furnish will be used to determine the amount, validity, and the person(s) entitled to the unpaid compensation of a deceased Federal employee. The information may be shared and is subject to verification, via paper, electronic media, or through the use of computer matching programs to obtain information necessary for determination of entitlement under this program or to report income for tax purposes. It may also be shared and verified, as noted above, with law enforcement agencies when they are investigating a violation or potential violation of the civil or criminal law. Public Law 104-134 (April 26, 1996) requires that any person doing business with the Federal government furnish a Social Security Number or tax identification number. This is an amendment to title 31, Section 7701. Failure to furnish the requested information may delay or make it impossible for us to determine your eligibility to receive payments.

We think this form takes an average of 15 minutes per response to complete, including the time for reviewing instructions, getting the needed data, and reviewing the completed form. Send comments regarding our estimate or any other aspect of SF 1153, including suggestions for reducing completion time, to the Office of Personnel Management (OPM), Reports and Forms Officer, Paperwork Reduction (3206-0234), Washington, D.C. 20415-7900. The OMB number 3206-0234 is currently valid. OPM may not collect this information, and you are not required to respond, unless this number is displayed.

Standard Form 1154
September 1967
Title 4 GAO Manual
1154-109

# PUBLIC VOUCHER FOR UNPAID COMPENSATION DUE A DECEASED CIVILIAN EMPLOYEE

Voucher No. ____________

Schedule No. ____________

PAID BY

Equal Employment Opportunity Commission
(Department and bureau, agency, or establishment)

7301 W Mansfield Ave, Denver, CO 80235
(Location)

| NAMES AND ADDRESSES (INCLUDING ZIP CODES) OF PAYEES | AMOUNT |
| --- | --- |
| Monica Maria Gaya | $ 74,003.11 |
| | |
| | |
| | |
| | |
| | |
| | |
| Net amount due as per summary on reverse hereof | $ 74,003.11 |

Amount of unpaid compensation due Trevor E. McCardle, a civilian employee of the United States or the District of Columbia, who died on the 4th day of August 2019

Gross amount chargeable to appropriations and funds, as distributed below $ 74,003.11

*Pursuant to authority vested in me, I certijy that the items listed herein are correct and properfor repaymentfrom the appropriation(s) andlor,fund(s) indicated below.*

Date 05-25-2023

(Authorized certifying officer)
Title Accounting Technician

ACCOUNTING CLASSIFICATION

1928158072

Bambi Dupre

Paid to the payee(s) named hereon by check No. __________ through __________ drawn on Treasurer, U.S., or on __________ (Name of bank) ; or by cash in the amount of $ __________

*Payee __________

*If payment is made in cash, signature of the payee in acknowledgement of receipt of payment is required. If more than one payee, a receipt should be obtained for the amount paid to each and attached to the voucher.

**Summary of "UNPAID COMPENSATION" of the deceased civilian employee named on the face of this Public Voucher:**

| | Amount |
|---|---|
| Other: Settlement $74,003.11 | $74,003.11 |

**Unnegotiated checks drawn in payment of such compensation and deposited:**

| *Check No.* | *Date* | *Amount* |
|---|---|---|
| | | |

Unapplied balances on U.S. Savings Bond purchases

TOTAL CHARGEABLE TO APPROPRIATIONS, SPECIAL FUNDS, ETC. $74,003.11

Less amounts deducted or withheld:

OASDI

Medicare

Retirement

Health benefits Pretax

Employee Life Insurance

Thrift Savings Plan

State Tax

Other

Other

NET AMOUNT DUE $74,003.11

PREVIOUS PARTIAL PAYMENTS OF "UNPAID COMPENSATION"

| (Voucher number) | (Date paid) | (D.O. symbol) |
|---|---|---|
| | | |

SPS Report
User: ADRIAN HAFNER (CO) ***LIVE***
FPAID: SBR1

ACH Miscellaneous Detail Report

Version: RELP41.0.1
Report Date/Time: 05/25/2023 15:50:24 ET

Header Details
Schedule Number: 00000000525232 ***LIVE***
OAID: SPS
ALC: 14019999
Total Number of Payments: 1
Total Amount: $74,003.11

Standard Entry Class Code: CCD
Same Day ACH: No
Garnishment: No

**********************************************************************************************

State Details
Schedule State: Extracted
Stream Disposition: SUCCESS

State Date/Time: 05/25/2023 13:41:36 ET

**********************************************************************************************

Last DEO Action Details
Action: Pending Certify
Name: BAMBI DUPRE
Action Date/Time: 05/25/2023 13:29:03 ET

Last CO Action Details
Action: Certified
Name: PAMELA HOLFORD
Action Date/Time: 05/25/2023 13:41:28 ET

**********************************************************************************************

Payment Details
Payment Number: 1
Payee Name: MONICA GAYA
Depositor Account Number: [redacted]
Routing Number: [redacted]
Account Type: Checking
Payment Information ID Line 1:
International Address Indicator: No
Payee Name: MONICA GAYA

Payment Amount: $74,003.11

TOP Offset: No
Payee ID/TIN: [redacted]

Page 1 of 3

Schedule Number: 00000000525232

**FIRST ACTION**

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| 452 | SUSPENSION-INDEFINITE |
| 5-C. Code | 5-D. Legal Authority |
| VAJ | 5 U.S.C. 75 |
| 5-E. Code | 5-F. Legal Authority |
| | |

**SECOND ACTION**

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| | |
| 6-C Code | 6-D. Legal Authority |
| | |
| 6-E. Code | 6-F. Legal Authority |
| | |

**7. FROM: Position Title and Number**

PARALEGAL SPECIALIST

GCLAX F001415

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis |
|---|---|---|---|---|---|
| GS | 0950 | 11 | 02 | $ 66737 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay |
|---|---|---|---|
| $ 52483 | $ 14254 | $ 66737 | $ 0 |

14. Name and Location of Position's Organization

EQUAL EMPL OPPOR COMM
OFF OF GEN COUNSEL, IMMED. OFFICE
LEGAL UNIT LOS ANGELES DO

LOS ANGELES, CALIFORNIA

**15. TO: Position Title and Number**

| 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|
| | | | | | |

| 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|
| | | | |

22. Name and Location of Position's Organization

**EMPLOYEE DATA**

23. Veterans Preference: 4 (1 - None; 2 - 5-Point; 3 - 10-Point/Disability; 4 - 10-Point Compensable; 5 - 10-Point Other; 6 - 10-Point/Compensable/30%)

24. Tenure: 1 (0 - None; 1 - Permanent; 2 - Conditional; 3 - Indefinite)

25. Agency Use:

26. Veterans Preference for RIF: X YES ☐ NO

27. FEGLI: D0 BASIC + STANDARD OPTION

28. Annuitant Indicator: 9 NOT APPLICABLE

29. Pay Rate Determinant: 0

30. Retirement Plan: K FERS & FICA

31. Service Comp. Date (Leave): 04/17/07

32. Work Schedule: F FULL-TIME

33. Part-Time Hours Per Biweekly Pay Period:

**POSITION DATA**

34. Position Occupied: 1 (1 - Competitive Service; 2 - Excepted Service; 3 - SES General; 4 - SES Career Reserved)

35. FLSA Category: N (E - Exempt; N - Nonexempt)

36. Appropriation Code:

37. Bargaining Unit Status: 1125

38. Duty Station Code: 06-1980-037

39. Duty Station (City - County - State or Overseas Location): LOS ANGELES, LOS ANGELES, CALIFORNIA

| 40. Agency Data | FUNC | 41. VET-STAT | 42. EDUC LVL | 43. SUPV STAT | 44. POSITION SENSITIVITY |
|---|---|---|---|---|---|
| CLS | 00 | P | 21 | 8 | NONSENSITIVE/LOW RI |

45. Remarks

REASON FOR SUSPENSION: DISCIPLINE, PENDING RESULTS OF INVESTIGATION
SERVICE CREDIT FOR RETIREMENT, REDUCTION-IN-FORCE, AND LEAVE ACCRUAL PURPOSES CONTINUES FOR UP TO A MAXIMUM OF 6 MONTHS IN NONPAY STATUS PER CALENDAR YEAR.
FEGLI COVERAGE CONTINUES UNTIL YOUR TIME IN NONPAY STATUS TOTALS 12 MONTHS. (IF WHILE IN NONPAY STATUS YOU RECEIVE PAY DURING ANY PART OF A PAY PERIOD, YOU ARE NOT CONSIDERED TO BE IN NONPAY STATUS FOR FEGLI PURPOSES). CONTACT YOUR SERVICING HUMAN RESOURCES OFFICE OR SEE THE FEGLI HANDBOOK AT HTTP://WWW.OPM.GOV /INSURE FOR DETAILED INFORMATION.
IF YOU ENTER A LEAVE WITHOUT PAY STATUS OR ANY OTHER TYPE OF NONPAY STATUS OR YOUR PAY IS INSUFFICIENT TO COVER YOUR FEHB PREMIUM, THEN YOU MUST ELECT TO EITHER: 1) TERMINATE YOUR ENROLLMENT IN FEHB, OR 2) CONTINUE IT FOR UP TO 365 DAYS AND AGREE TO PAY THE PREMIUM OR INCUR A DEBT. IF YOU DO NOT ELECT TO TERMINATE OR CONTINUE YOUR ENROLLMENT, IT AUTOMATICALLY TERMINATES

Pleading Number : 2015003616 Submission date : 2015-01-22 14:56:01 Confirmation Number: 1391376426 page 19 of 87

MCCARDLE, TREVOR E

## FIRST ACTION

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| 452 | SUSPENSION-INDEFINITE |
| **5-C. Code** | **5-D. Legal Authority** |
| VAJ | 5 U.S.C. 75 |
| **5-E. Code** | **5-F. Legal Authority** |
| | |

## SECOND ACTION

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| | |
| **6-C. Code** | **6-D. Legal Authority** |
| | |
| **6-E. Code** | **6-F. Legal Authority** |
| | |

**7. FROM: Position Title and Number**

PARALEGAL SPECIALIST

GCLAX F001415

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis |
|---|---|---|---|---|---|
| GS | 0950 | 11 | 02 | $ 66737 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay |
|---|---|---|---|
| $ 52483 | $ 14254 | $ 66737 | $ 0 |

14. Name and Location of Position's Organization

EQUAL EMPL OPPOR COMM
OFF OF GEN COUNSEL, IMMED. OFFICE
LEGAL UNIT LOS ANGELES DO

LOS ANGELES, CALIFORNIA

**15. TO: Position Title and Number**

| 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|
| | | | | | |

| 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|
| | | | |

22. Name and Location of Position's Organization

## EMPLOYEE DATA

23. Veterans Preference: 4
(1 - None; 2 - 5-Point; 3 - 10 Point/Disability; 4 - 10 Point Compensable; 5 - 10 Point Other; 6 - 10 Point/Compensable/30%)

24. Tenure: 1
(0 - None; 1 - Permanent; 2 - Conditional; 3 - Indefinite)

25. Agency Use:

26. Veterans Preference for RIF: X YES NO

27. FEGLI: D0 BASIC + STANDARD OPTION

28. Annuitant Indicator: 9 NOT APPLICABLE

29. Pay Rate Determinant: 0

30. Retirement Plan: K FERS & FICA

31. Service Comp. Date (Leave): 04/17/07

32. Work Schedule: F FULL-TIME

33. Part-Time Hours Per Biweekly Pay Period:

## POSITION DATA

34. Position Occupied: 1
(1 - Competitive Service; 2 - Excepted Service; 3 - SES General; 4 - SES Career Reserved)

35. FLSA Category: N
(E - Exempt; N - Nonexempt)

36. Appropriation Code:

37. Bargaining Unit Status: 1125

38. Duty Station Code: 06-1980-037

39. Duty Station (City - County - State or Overseas Location): LOS ANGELES, LOS ANGELES, CALIFORNIA

| 40. Agency Data FUNC | 41. VET-STAT | 42. EDUC LVL | 43. SUPV STAT | 44. POSITION SENSITIVITY |
|---|---|---|---|---|
| CLS 00 | P | 21 | 8 | NONSENSITIVE/LOW RI |

45. Remarks

REMARKS CONTINUED
AT THE END OF THE LAST PAY PERIOD IN WHICH YOU PAID PREMIUMS. CONTACT YOUR SERVICING HUMAN RESOURCES OFFICE OR SEE THE FEHB HANDBOOK AT HTTP://WWW.OPM.GOV/INSURE FOR DETAILED INFORMATION.

Pleading Number : 2015003616 Submission date : 2015-01-22 14:56:01 Confirmation Number: 1391376426 page 20 of 87

# Designation of Beneficiary

*Unpaid Compensation of Deceased Civilian Employee*

Important:
Read all instructions before filling in this form

## A. Identification

| Name *(Last, first, middle)* | Date of birth *(mm, dd, yyyy)* | Social Security Number |
|---|---|---|
| McCardle, Trevor Erin | [redacted] | [redacted] |

Department or agency in which presently employed *(or former department or agency)*:

| Department or agency | Bureau | Division | Location *(City, state and ZIP code)* |
|---|---|---|---|
| | | | |

I, the employee named above, canceling any and all previous Designations of Beneficiary heretofore made by me, do now designate the beneficiary or beneficiaries named below to receive any **unpaid compensation** due and payable after my death. I understand that this Designation of Beneficiary relates solely to money due as defined in 5 U.S.C. 5581, 5582, 5583, and in no way will affect the disposition of any benefit which may become payable under the Retirement or Group Life Insurance Acts applicable to my Government service. I further understand that this Designation of Beneficiary will remain in full force and effect until (1) I expressly change or revoke it in writing, (2) I transfer to another agency, or (3) I am reemployed by the same or another department or agency of the Government.

## B. Information Concerning The Beneficiaries (See Examples of Designations):

| First name, middle initial, and last name of each beneficiary | Address (Including ZIP code) of each beneficiary | Relationship | Share to be paid to each beneficiary |
|---|---|---|---|
| Monica M. McCardle | [redacted] | Wife | 100.00 |
| | | | |
| | | | |
| | | | |

| Date of designation *(mm, dd, yyyy)* | Your signature | Total = 100 % |
|---|---|---|
| 12/21/2010 | [signature] | |

## C. Witnesses (A witness is not eligible to receive payment as a beneficiary):

We, the undersigned, certify that this statement was signed in our presence.

| Signature of witness | Number and street | City, state and ZIP code |
|---|---|---|
| [signature] | [redacted] | Los Angeles, CA 90012 |
| [signature] | [redacted] | L.A., CA 90012 |

**Receiving agency certification**

I have reviewed this designation and certify that the designated shares total 100% and that no witnesses are designated as beneficiaries.

| Date received | Signature | Date |
|---|---|---|
| 12/21/2010 | [signature] **Thomas Profit District Resources Manager** | 12/21/2010 |

Type or print your return address to insure return

**U.S. EEOC**
**255 E. Temple St., 4th Fl.**
**Los Angeles, CA 90012**

U.S. Office of Personnel Management
5 CFR 178 NSN 7540-00-634-4340 **Part 1 - Original** 1152- November 1991 edition usable until September 2002. All previous editions are not usable. Standard Form 1152 Revised June 2002



| Current Results | | |
|---|---|---|
| 102 LRP 35616 | OPM Compensation and Leave Decision | 05/08/01 |
| 102 LRP 35614 | OPM Compensation and Leave Decision | 02/20/01 |

Back to Search Results

First Match

102 LRP 35614

***OPM Compensation and Leave Decision***

Office of Personnel Managment Merit Systems Oversight and Effectiveness

002978

February 20, 2001

**Full Text**

Decision

**Decision**

OPM Contact: Jo-Ann Chabot

A federal agency requested that the Office of Personnel Management (OPM) determine the appropriate payee to receive the unpaid compensation of a deceased agency employee. The agency wants to know whether the deceased employee's unpaid compensation may be distributed according to a designation of beneficiary signed by the employee's cousin, pursuant to his appointment as the decedent's attorney-in-fact. For the reasons stated below, we conclude that the designation of beneficiary in this case is not valid and that the decedent's surviving spouse should receive his unpaid compensation.

The agency reported that it received two claims for the decedent's unpaid compensation. The decedent's widow filed a claim on behalf of herself and her children. She also submitted a certified copy of Letters of Administration, dated July 2, 1998, and showing her appointment as the General Personal Representative of the decedent's estate. The decedent's cousin, acting as the Trustee of a trust established in the decedent's name (the Trust), filed a claim on behalf of the Trust. He submitted a certified copy of Letters Testamentary, dated November 4, 1998, and showing his appointment as successor Personal Representative of the decedent's estate.

The agency reports that the following events occurred on June 23, 1998:

1. The decedent personally completed and signed two designations of beneficiary, naming his cousin on each designation as his beneficiary for payment of the proceeds from two special employee funds.[1]

2. The decedent also signed a durable power of attorney appointing his cousin as his attorney-in-fact.

3. The decedent's cousin, pursuant to his appointment as the decedent's attorney-in-fact, executed a designation of beneficiary form (Standard Form [SF] 1152) for payment of the decedent's unpaid compensation and identified the Trust as beneficiary. An employee of the decedent's employing agency and another individual signed the SF 1152 as witnesses.

4. The agency employee who had witnessed the execution of the SF 1152 took the signed form to an agency field office and sent it by facsimile machine to agency headquarters, where it was received the same day.

The agency reports that the decedent passed away on June 24, 1998. It also notes that the original SF 1152 was identical to the facsimile and was received at agency headquarters on June 30, 1998. The decedent's widow indicated on her claim that the decedent had named her as the beneficiary for payment of his unpaid compensation. However, the agency reports that the SF 1152 of June 23, 1998, which identifies the Trust as the beneficiary, is the only designation in its files.[2] The agency reports that, according to its records, the decedent had not previously designated a beneficiary for his unpaid compensation. Although the agency invited each claimant to submit to OPM their views concerning these matters, OPM has not received any correspondence from either claimant.

Disposition of unpaid compensation payable under federal law is governed exclusively by federal statute and regulation, and not by the laws and courts of the state of domicile or other jurisdiction. *Raymond H. Hanrahan* (Deceased), B-262112 (March 6, 1996); *Cornell D. Cooper* (Deceased) and *Dorothy P. Fouts* (Deceased), B-254921 (March 11, 1994); Richard A. Davenport (Deceased); *David H. Lambert* (Deceased), B-244826 (December 12, 1991); *Chester F. Dean* (Deceased), B-227728 (March 23, 1988). Section 5582 of title 5, United States Code, and OPM regulations thereunder, at ≤**5 CFR**≥ Part 178, govern settlement of the accounts of deceased employees of the federal government. They specify requirements for designating beneficiaries and a statutory order of precedence for disposition of a deceased employee's unpaid compensation. Section 5582 provides in part:

(a) The employing agency shall notify each employee of his right to designate a beneficiary or beneficiaries to receive money due, and of the disposition of money due if a beneficiary is not designated. An employee may change or revoke a designation at any time under regulations promulgated ... by the Director of the Office of Personnel Management or his designee . . ..

(b) In order to facilitate the settlement of the accounts of deceased employees, money due an employee at the time of his death shall be paid to the person or persons surviving at the date of death, in the following order of precedence, and the payment bars recovery by another person of amounts so paid:

First, to the beneficiary or beneficiaries designated by the employee in a writing received in the employing agency before his death.

Section 5582 thereafter identifies the following individuals in order of precedence: the employee's widow or widower, child or children and descendants of deceased children by representation, parents or the survivor of them, the duly appointed legal representative of the employee's estate, and finally, the person or persons entitled under the laws of the employee's domicile at the time of his death.

OPM regulations, at ≤**5 CFR**≥ 178.203(a) and ≤**178.204**≥, track 5 U.S.C. § 5582. Moreover, ≤**5 CFR**≥ 178.203(d) states the requirements for executing and filing a designation of beneficiary form, specifying that:

The Standard Form 1152 must be executed in duplicate by the employee and filed with the employing agency where the proper officer will sign it and insert the date of receipt in the space provided on each part, file the original, and return the duplicate to the employee.

Interpretation of a statute begins with "the language of the statute itself" and, "[a]bsent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S. Ct. 1570, 1575 (1990), *citing Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S. Ct. 2051, 2056 (1980). It is clear from the language in 5 U.S.C. § 5582(b) that Congress intended to establish a simple and straightforward method for distributing a deceased employee's unpaid compensation. According to the statute, and corresponding regulations (≤**5 CFR**≥ 178.203(a) and ≤**178.204**≥), employees must designate their beneficiaries in a writing received in the employing agency before the employee's death. Thus, the statute authorizes employees to designate beneficiaries for their unpaid compensation, does not provide for an individual other than the employee to designate his or her beneficiaries, and provides for distribution according to a specified order of precedence in the absence of such a designation. Moreover, ≤**5 CFR** 178.203(d) specifies that employees must execute, or sign, the designation form (SF 1152).

The pertinent legislative history shows that Congress enacted the provision that became 5 U.S.C. § 5582 to "simplify and improve the method of settling and adjusting the accounts of deceased civilian employees." S. Rep. No. 1933 (1950), reprinted in 1950 U.S.C.C.S. 2866. Congress noted that S. 3652, the bill that became 5 U.S.C. § 5582,

authorizes civilian officers and employees to designate a beneficiary or beneficiaries to receive all amounts due from the Government on account of their employment at the time of death, except amounts payable under their retirement act or amounts the disposition of which is otherwise expressly prescribed by Federal law. In the event no beneficiary is designated, the bill authorizes payment of amounts due to be made to the officer's or employee's surviving spouse;. ... *Id.,* at 2867.

The legislative history does not show that Congress authorized, or intended to authorize, any individual other than the employee to designate a beneficiary for his or her unpaid compensation.

In settling claims for deceased employees unpaid compensation, the General Accounting Office (GAO) construed the statute and accompanying regulations narrowly. In *Cornell D. Cooper* (Deceased) and *Dorothy P. Fouts* (Deceased), B-254921 (March 11, 1994), an employee personally filled out the SF 1152, designated his grandmother as the beneficiary to receive his unpaid compensation, and secured two witnesses who signed the SF 1152. However, the employee did not sign or date the form. *Id.* Noting that its regulation required the employee to execute, i.e., sign, the SF 1152, the GAO concluded that the designation was not legally valid and the unpaid compensation should be given to the person or persons in the next highest order of precedence under the statute.[3] *Id.* In another decision, the GAO concluded that the statute required unpaid compensation to be distributed according to the previously executed SF 1152 in the employing agency s files, when the employee's newly executed SF 1152, changing the beneficiary, was not received in agency before employee's death. *Katharina Walters,* B-157353 (August 12, 1965). The GAO noted in reaching this conclusion that it did not have the authority to waive any of the statutory provisions governing the disposition of a deceased employee's unpaid compensation. *Id.*

The statute and regulations require that the employee designate the beneficiary or beneficiaries for his or her unpaid compensation, and do not permit other individuals to perform this function. Therefore, the designation of beneficiary that the decedent's cousin executed as the decedent's attorney-in-fact is not valid. The decedent's unpaid compensation should be paid to the next person in the statutory order of precedence the decedent's surviving spouse.[4]

[1]These designations, and payment of the proceeds from these funds, are not under review here.

[2]The agency reports that the decedent was estranged from his wife.